IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KELVIN DONNELL ATKINS,        )
                              )
                  Petitioner, )
                              )
        v.                    )        1:12CV1155
                              )
RUDY FOSTER,                  )
                              )
                  Respondent. )

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner. The Court notes that Petitioner submitted a $5.00 payment with a prior Petition in case 1:12CV1095. A Recommendation was entered that the Petition in that case be dismissed without prejudice. The Court inadvertently did not return the filing fee to Petitioner when the Recommendation was entered. It may be that Petitioner seeks to apply the fee to the present case. That might be acceptable, but that the present case is being dismissed as well. The Court will return Petitioner's $5.00 filing fee from his prior case.

2. Petitioner has failed to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). In fact, it appears that he never raised his claims in state court at all. (Docket Entry 1, §§ 9, 10, 11.) Petitioner states that he did not realize he needed to do so. (Id., § 12, Ground One (b).) Even if true, this does not excuse the exhaustion requirement. Petitioner must raise his claims in the state courts and present them to the highest available court before bringing them in this Court.

3. The Petition appears to have been filed far more than a year after his conviction became final. Nevertheless, Petitioner did not complete Section 18 of his Petition where he is asked to explain why the one-year statute of limitations set out in 28 U.S.C. § 2244(d) does not bar his Petition.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to return the $5.00 that Petitioner submitted in case 1:12CV1095 to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed return the $5.00 filing fee that Petitioner submitted in 1:12CV1095 to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition once he has exhausted his state court remedies.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: November 5, 2012